IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CRAIG ALEXANDER EASTER                                                    PLAINTIFF

vs.                              Civil No. 1:16-cv-01042

NANCY A. BERRYHILL                                                        DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Craig Alexander Easter ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability applications on March 13, 2013. (Tr. 12, 140-141). In his applications, Plaintiff alleges a stroke on his right side, no feeling in his right hand or right toes, no control of right hand, and "can't write anything." (Tr. 223). Plaintiff alleges an onset date of June 1, 2012. (Tr. 14). These applications were denied initially and again upon reconsideration. (Tr. 67-96).

Plaintiff requested an administrative hearing on his applications. (Tr. 130-131). This request

was granted, and Plaintiff's administrative hearing was held on June 24, 2014 in El Dorado, Arkansas. (Tr. 31-66). At this hearing, Plaintiff was present and was represented by Laura Lesikar. *Id.* Plaintiff and Vocational Expert ("VE") William Elmore testified at this hearing. *Id.* During this hearing, Plaintiff testified he was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (DIB) and 20 C.F.R. § 416.963(c) (SSI). (Tr. 35). As for his education, Plaintiff testified he had graduated from high school. (Tr. 35).

On January 7, 2015, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 11-25). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 16, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 1, 2012, his alleged onset date. (Tr. 16, Finding 2). The ALJ determined Plaintiff has the following severe impairments: history of cerebral vascular accident, hypertension, and a history of urinary incontinence. (Tr. 16-17, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17-18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 18-23, Finding 5. First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: the claimant is limited to frequent fingering and handling with the right dominant upper extremity; limited to occasional use of the right lower extremity for foot controls; limited to occasional climbing, balancing, stooping, bending, kneeling, crouching, and crawling. Likewise, he

requires the use of a cane for ambulation to and from the workplace and requires up to three unscheduled breaks during the course of the workday lasting up to 5 minutes.

*Id.*

Considering his RFC, the ALJ determined Plaintiff did not retain the capacity to perform any of his PRW. (Tr. 23, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 24-25, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 24-25). Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative occupations such as (1) document preparer (unskilled, sedentary) with 500 such jobs in Arkansas and 60,000 such jobs in the nation; (2) telephone quote clerk (unskilled, sedentary) with 700 such jobs in Arkansas and 90,000 such jobs in the nation; and (3) surveillance monitor (unskilled, sedentary) with 75 such jobs in Arkansas and 13,000 such jobs in the nation. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from his alleged onset date of June 1, 2012 through the date of his decision or through January 7, 2015. (Tr. 25, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 7-9). On April 1, 2016, the Appeals Council denied his request for review. (Tr. 1-3). On May 25, 2016, Plaintiff filed his Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 11-12. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the ALJ erred in considering the opinions of his treating physician, Dr. Ivy McGee, M.D. ECF No. 11 at 1-12. Plaintiff claims Dr. McGee is his treating physician, and her opinion is entitled to controlling weight. *Id.* Furthermore, as Plaintiff argues, if Dr. McGee's findings were accepted as true, he would have been found to be disabled. *Id.* Plaintiff claims the ALJ's failure to accept Dr. McGee's findings is reversible error. *Id.*

As an initial matter, the report Plaintiff claims the ALJ should have adopted is a two-paged "checklist" form Dr. McGee completed. (Tr. 438-439). This form merely contains her opinions regarding Plaintiff's limitations. *Id.* As such, these unsupported opinions are not entitled to any special weight. *See Thomas v. Sullivan,* 928 F.2d 255, 259 (8th Cir. 1991) (entirely discounting the findings of a treating physician who submitted a two-paged "conclusory" report).

Furthermore, in his opinion, the ALJ recognized Dr. McGee's findings were not supported by any objective testing or treatment records. (Tr. 21-22). As the ALJ stated, he "assigns little

5

weight in this opinion because it [Dr. McGee's assessment] is unsupported by Dr. McGee's treatment notes." (Tr. 22). Thus, the Court cannot find the ALJ erred in his assessment of Dr. McGee's findings.

As a final point, it should be noted that the ALJ attempted to remedy this problem prior to entering his unfavorable decision. Specifically, the ALJ "*strongly urged the claimant and his representative to provide treatment records from Dr. McGee to support his opinion*." (Tr. 23) (emphasis added). Despite this admonishment, that information was still not supplied. Accoridngly, this factor also weighs against remanding this case.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of April 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE